HARRY F. BODINE, OFFICER OR AGENT OF THE NEW JERSEY SOCIETY FOR THE PREVENTION OF CRUELTY TO ANIMALS, COMPLAINANT-RESPONDENT, v. BRONIS-LAW CINKOWSKI, DEFENDANT-PROSECUTOR.

Submitted May term, 1929—Decided November 14, 1929.

Before Justices TRENCHARD, LLOYD and CASE.

For the prosecutor, *David R. Rose.*

For the respondent, *Patrick H. Harding.*

PER CURIAM.

The defendant below was convicted, by the police recorder of the township of Delaware, county of Camden, of violating sections 1, 11 and 13 of the act for the prevention of cruelty to animals, approved March 11th, 1880, and the supplements and amendments thereof. The proceedings are here on writ of *certiorari.*

The alleged offense, as described in the complaint, is that the accused did wickedly and unlawfully torture, torment, otherwise abuse, and did abuse a certain number of dogs, certain living creatures, to wit, by keeping them in a sick and starving condition, thereby causing unnecessary pain and suffering to certain creatures; in violation of the provisions of various sections of an act for the prevention of cruelty to animals, approved March 11th, 1880, including sections 1, 11 and 13 of the same and the supplements and amendments thereof.

Section 1 of the act appears to set out an indictable offense; and the present proceeding is not by indictment. But whatever the character of proceeding intended by section 1, the present proceeding does not seem to comply therewith. Section 11 is a provision for the entry by a sheriff or police officer at a bull fight, cock fight, &c. It obviously has no application to the present case. Section 13 enumerates certain acts, of which the specific acts charged in the complaint might be a part and provides for a proceeding before a justice of the peace, district court or police magistrate in the county or city where the defendant resides, or the offense or offenses were committed. Section 13 is quite clearly the only one of the named sections under which the present proceeding could be instituted.

Chapter 198 of the laws of 1926 is entitled "An act for the prevention of cruelty to animals," and it is a word for word and punctuation for punctuation reproduction of section 13 of the 1880 act, changing, however, the description of the court before whom the proceeding shall be brought, namely, "before any justice of the peace, recorder, police magistrate in the county or municipality, or in any District Court in any city or judicial district wherein the defendant resides, or where the offense or offenses were committed." The 1926 act was amended by an act designated as chapter 177 of the laws of 1927, changing somewhat the definition of the court to hear the offense and providing that "any judgment rendered by any justice of the peace, recorder or police magistrate in violation or contravention of this act shall be

void and without effect," &c. But it is unnecessary to consider whether section 13 has been impliedly repealed inasmuch as the proceedings are otherwise fatally defective.

The return does not disclose that any of the witnesses were sworn. Knowledge of conditions is alleged on the part of persons who are named in the return but who did not attend at the trial. The conviction in nowise recites the evidence on which it is based. The conviction unlawfully embraces a commitment to the county jail, whereas by the statute the proceeding is by action in debt, with entry of judgment and issue of execution. There are other errors.

The conviction should manifestly be set aside.